JOSEPH WELLS *v.* NOAH MORRIS.

**Specific Performance—Vendor and Purchaser—Deficit in Land Sold—Sale in Gross.**

The sale of the land by appellant to appellee was in gross, but they did not contemplate more than the usual rate of excess or deficit.

Held, that in a case like this, a specific execution of a contract of sale will not be enforced where the deficit is as great as 33 per cent. of the estimated quantity of the land sold.

APPEAL FROM EDMONSON CIRCUIT COURT.

March 12, 1872.

OPINION BY JUDGE LINDSAY:

The sale of the tract of land by Wells to Morris was certainly a sale in gross, but we are of opinion from the proof in the case, as to locality, value, price and of the conversations between the parties that they did not contemplate or intend to risk more than the usual rates of excess or deficit, although it is apparent that Morris did not expect, and that he had no right to expect that the tract contained full one hundred acres. But he certainly did not calculate that upon actual measurements it would be found that there were only sixty seven and one-half acres.

We are aware of no case like this in which a specific execution of a contract of sale has been enforced, where the deficit was as great as 33 per cent. of the estimated quantity of land sold.

There is nothing in this case to take it out of the general rule, and we cannot conclude that the chancellor erred in refusing to compel a specific execution of the contract.

His judgment must be therefore affirmed.

*V. H. Jones, for appellant.*

*R. Rodes, for appellee.*